```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION

JULIA GROVENBURG                                        PLAINTIFF

v.                       No. 2:10-CV-02077

LINCARE, INC.                                           DEFENDANT
```

**ORDER**

Currently before the Court is Defendant's Motion for Summary Judgment (Doc. 24) and supporting documents, as well as Plaintiff's Response (Doc. 30) and Defendant's Reply (Doc.35). Plaintiff Julia Grovenburg filed suit against Defendant Lincare, Inc. ("Lincare") alleging that Lincare discriminated against her on the basis of her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Arkansas Civil Rights Act. Grovenburg also claims that Lincare interfered with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617, or in the alternative, terminated her employment in retaliation for seeking FMLA benefits. Lincare filed a Motion for Summary Judgment against Grovenburg claiming that there is no genuine dispute that Grovenburg was not discriminated against or retaliated against in violation of Title VII, the FMLA, or the Arkansas Civil Rights Act. For the reasons set forth herein, Defendant's Motion for Summary Judgment is DENIED.

**I. Discussion**

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence

of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.,* 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983).* In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.,* 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The Eighth Circuit Court of Appeals has often cautioned that summary judgment should seldom be granted in employment discrimination cases. *See e.g., Hindman v. Transkrit Corp.,* 145 F.3d 986, 990 (8th Cir. 1998), *Crawford v. Runyon,* 37 F.3d 1338, 1341 (8th Cir. 1994), *Johnson v. Minnesota Historical Soc'y*, 931 F.2d 1239, 1244 (8th Cir. 1991). "Because discrimination cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the non-movant." *Peyton v. Fred's Stores of Ark., Inc.,* 561 F.3d 900, 901 (8th Cir. 2009)

(quoting *Crawford,* 37 F.3d at 1341). Nonetheless, employment discrimination cases are not exempt from summary judgment, *Christopher v. Adam's Mark Hotels,* 137 F.3d 1069, 1071 (8th Cir. 1998), and the fact remains that the ultimate burden of persuasion "that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143 (2000); *Harrison v. United Auto Grp.,* 492 F.3d 972, 975 (8th Cir. 2007) (citing *Bogren v. Minnesota,* 236 F.3d 399, 404 (8th Cir. 2000)).

    The Court finds that Lincare has not established an absence of a genuine dispute when viewing the evidence in a light most favorable to Grovenburg. As to her employment discrimination claims, Grovenburg has produced enough evidence to raise genuine disputes which remain for trial, including but not limited to whether Lincare sales representatives working under Todd Kline were actually required, in practice, to meet certain sales goals - whether stated in company policy or unstated; whether Grovenburg was performing her job in a satisfactory manner, as compared to similarly situated Lincare sales representatives at the time she was fired; and whether Lincare's reasons for firing Grovenburg were pretext for discrimination. As to her FMLA interference claim, Grovenburg has produced enough evidence to raise a genuine dispute of material fact as to whether Lincare and/or its employees acted in a manner so as to attempt to interfere with Grovenburg's right to take FMLA leave. Finally, as to her alternatively pled FMLA retaliation claim, Grovenburg has produced enough evidence to raise

a genuine dispute of material fact as to whether Lincare's reasons for firing Grovenburg were pretext for retaliation for Grovenburg's seeking FMLA benefits. These determinations should be made by a jury after benefitting from the ability to weigh the evidence presented by both sides at a trial. Furthermore, this case is heavily dependent on testimony from the parties involved, and credibility determinations should also be left to a jury to make after hearing testimony presented at trial.

**IV.  Conclusion**

Defendant's Motion for Summary Judgment (Doc. 24) is hereby **DENIED**.

IT IS SO ORDERED this 15th day of April, 2011.

*/s/ Paul K. Holmes, III*
**Paul K. Holmes, III**
**United States District Judge**